[No. 4459.]

# STOCKTON AND LINDEN GRAVEL ROAD CO. *v.* STOCKTON AND COPPEROPOLIS R. R. CO.

MEASURE OF DAMAGES.—In trespass for disturbing the bed of a turnpike road, by building a railroad thereon, the measure of damages is the damage actually sustained by reason of the acts of the defendant, not the entire value of the land composing the bed of the road.

VERDICT FOR EXCESSIVE DAMAGES. — Where the plaintiff was entitled to nominal damages only for trespass to land, and the jury gave a verdict for the entire value of the land: *held*, that the verdict was excessive.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

[For the report of a former appeal in this case, see 45 Cal. 680.]

The action was commenced December 10th, 1870, to recover possession of a turnpike road-bed, for fifty dollars damages in the withholding thereof, and for seven thousand dollars damages for waste and injury thereto. The portion of the turnpike road-bed in controversy was within the corporate limits of Stockton, being that part of the road on Weber Avenue, between Aurora and East Streets, two thousand two hundred and eighty feet in length. It was constructed in 1868, by authority of the Board of Supervisors, and tolls were collected until August, 1869, when the collecting of tolls was discontinued. In November, 1870, the Common Council granted to the defendant the privilege of building its railroad along the central line of the avenue, and the road was built soon afterward. The avenue is one hundred and ten feet wide, and the defendant's track is eight feet wide. When the gravel road was constructed, the land in controversy was not within the city limits, but in 1870 an act of the Legislature enlarged the limits so as to include it.

At the trial, the plaintiff did not prove any damage except a slight diminution of tolls. The jury returned a verdict for five thousand five hundred dollars. The defendant moved for a new trial, which was denied, and it appealed.

*W. L. Dudley* and *J. H. Budd*, for Appellant.

The damages in this case, as found by the jury, were excessive and unsupported by the evidence. There was no evidence whatever of any money damages sustained by the plaintiff for injury to the road. The only proof as to money damages was such as arose from diminution of tolls, and plaintiff claims in its complaint only fifty dollars for loss of rents, issues, and profits. But the plaintiff sustained no loss from diminution of tolls, since it was not entitled to collect tolls. (*Waterloo T. Co.* v. *Cole*, 51 Cal. 381.)

*D. S. Terry*, for Respondent.

The theory of appellant is, that the measure of damages is the loss of tolls, from the entry of defendant to the time of commencing the action. On the part of the respondent, it is submitted that we are entitled to such compensation as the law provides in case of condemnation of land for railroad purposes. This, under the law in force at the time of the entry, would be the full value of the property taken. (Statutes of 1867–8, p. 705; *C. P. R. R.* v. *Frisbie*, 41 Cal. 356.)

To adopt the measure of damages contended for by appellant would be to allow defendant to take advantage of its own wrong. Under the law, it was entitled to condemn this property for the uses of its road, upon paying its value. It now claims that, having taken possession without authority of law, it is under no obligation to pay for it.

By the COURT:

Upon the former appeal the decision here proceeded only upon the point that the plaintiff, being a corporation *de facto*, should not have been nonsuited, because not showing itself to have been a corporation *de jure*.

Upon the return of the cause to the Court below, a new trial was had, and resulted in a verdict for the plaintiff for some five thousand five hundred dollars.

The plaintiff would seem to have recovered the entire value

of the land composing the bed of the road, for the disturbance of which the action was brought; while it is clear that the recovery should have been limited to the amount of the damages sustained by reason of the acts of the defendant—which, as the case now appears in the record, are but nominal.

Judgment and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.